Day, J.
Howard- Treat, an employee of The Eilert Brewing Company, was killed on December 29, 1934, while in the course of his employment. His widow, relatrix herein, instituted this action in mandamus in this court, and in her petition alleges that decedent *525 was employed by Tbe Eilert Brewing Company at a wage of five dollars per day, and that he worked for that company on the days and at the pay shown by the following schedule filed by decedent’s employer with the Industrial Commission:
“For week ending
Amount of earnings during week
No. of days employed during week
‘Aug. 18 ’34. . $30.00 6
25 . 30.00 ' 6
1 ‘Sept. . 30.00 6
9 . 30.00 6
14 . 30.00 6
27 . 30.00 6
6 Oct. . 30.00 6
8 Nov. 5.00 1
16 . 10.00 2
22 5.00 1
1 Dec. . 15.00 3
13 5.00 1
18 5.00 1
28 5.00 1
29 5.00 1”
The petition alleges that the Industrial Commission made an order fixing the average weekly wage at five dollars; that the order is contrary to and inconsistent with the law and facts governing the claim of relatrix in that it is not based on decedent’s full weekly wage.
The petition prays that the Industrial Commission be ordered to adjust all compensation on the basis of decedent’s full weekly wage of $30.
The answer of the Industrial Commission admits substantially all of the allegations contained in the petition, but denies that $30 per week represents a fair computation of the average weekly wage of decedent, and denies that there has been an abuse of discretion on the part of the commission in fixing the average *526 weekly wage at five dollars. By way of affirmative defense, the answer alleges that in determining and fixing the average weekly wage at five dollars, the commission “based its calculation of said average weekly wage ‘at the time of the injury’ upon the wage actually received by said relator’s decedent during the four weeks next prior to the date of the injury which caused the death; and that in so calculating said average weekly wage at the time of the injury it was following the rule of law as laid down by this court in the case of State, ex rel. Kildow, v. Industrial Commission of Ohio, 128 Ohio St., 573 [192 N. E., 873], construing the provisions of General Code Section 1465-84.”
The only question arising is whether the Industrial Commission abused its discretion in determining decedent’s average weekly wage on the basis of four weeks immediately preceding the injury which caused his death.
The commission contends, in substance, that under the rule laid down in State, ex rel. Kildow, v. Industrial Commission, supra, it is limited to a consideration of four weeks, and that it has no power of discretion to consider more, even though under the facts in the case it may appear unfair to use such period as a basis.
The commission misconceives the true holding of that case. The court held that, under the facts there present, four weeks was a reasonable time to consider. It did not hold that four weeks should be used as a basis in all oases.
In State, ex rel. Brownell, v. Industrial Commission, 131 Ohio St., 124, 2 N. E. (2d), 260, the court held that, under the facts there involved, ten weeks was a reasonable period to consider, and announced, in paragraph two of the syllabus, that:
“In the determination of the basis of computation of workmen’s compensation' under Section 1465-84, General Code, the phrase, ‘at the time of the injury,’ *527 must be regarded as a limitation of the period to be considered in determining ‘the average weekly wage’ to the shortest possible time immediately prior to the injury that will enable the commission to fairly and intelligently determine that question of fact. * * * ”
In commenting on the Kildow case, supra, Judge Matthias said:
“In that case it was held that the inclusion of a period of six months in the computation disregarded the phrase ‘at the time of the injury,’ and that under the facts there presented a computation upon the basis of four weeks complied with the rule of reason * * (Italics ours.)
Neither in the Kildow case nor in the Brownell case did the court undertake to declare what specific period of time should be deemed to constitute the shortest possible time in all cases. It is clear from both oases that the Industrial Commission must consider the ■shortest possible time immediately preceding the injury, consistent with a fair and intelligent determination of the average weekly wage at the time of the injury. That period of time which may be the shortest possible time in one case may be too short or too long a time in another case. A given period of time cannot reasonably be fixed as applicable to all cases indiscriminately.
In arriving at decedent’s average weekly wage, the commission considered only the last four weeks of his employment — a period which represented his lowest income level. It cannot reasonably be s'aid that decedent’s average weekly wage can fairly and intelligently be thus determined. To strike a fair average, such period of time must be considered as embraces the high as well as the low income level. The finding by the commission that the average weekly wage of decedent was five dollars is not warranted by the facts and cannot be sustained. ■
Under Section 1465-84, General Code, as it read *528 prior to its amendment of 1937, the commission was vested with the power of discretion to determine what constituted a reasonable period. It was the duty of the commission to consider a period of time which was neither longer nor shorter than the facts required for a fair and intelligent determination of the average weekly wage. Considering only the last four weeks of decedent’s employment — a period which represented the lowest income level — was - obviously not a sound exercise, but an abuse, of discretion.
It is our opinion that under the facts here present it was the duty of the Industrial Commission, in arriving at a basis for computation of workmen’s compensation under Section 1465-84, General Code, as in effect prior to its amendment in 1937, to consider the shortest possible period of time immediately preceding the injury that included high and low income levels of the workman, in order to make possible a fair and intelligent determination of the average weekly wage at the time of the injury.
A writ of mandamus is allowed and the Industrial Commission of Ohio is ordered to adjust the compensation on the basis of an average weekly wage computed over a period longer than four weeks.

Writ allowed.

Weygandt, C. J., Zimmerman, Williams, Myers and Hart, JJ., concur.